UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

December 19, 2005

Memo To Counsel Re: U.S. ex rel. Thornton G. Sanders v. North American Bus
   Industries, Inc.
   Civil No. JFM-02-3084

Dear Counsel:

Although I went into the hearing last Friday expecting to give a brief oral opinion after considering your oral arguments, by the conclusion of the hearing plaintiff's arguments had sufficiently unsettled my thinking that I was not comfortable with ruling without further reflection. I have now decided, however, that the tentative opinions I expressed at the beginning of the hearing were correct. Therefore, in order to prevent unnecessary further delay in this litigation I am prepared to rule without requiring the additional briefing I requested.

As to the service issue, plaintiff may well be correct that it has proffered (and could prove) a good faith effort to effect service on NABI Rt. by serving process on Andras Racz, the chief executive officer of NABI, Rt., when he was in Alabama. I nevertheless am of the view that service under Maryland Rule 2-121(c) would be inappropriate. I have always understood that rule to be one of last resort, to be used only when all other means to effect service have been futile. Here, another means to effect service expressly contemplated by Fed. R. Civ. P. 4(f)(1) remains available to plaintiff. While I recognize that requiring service under the Hague Convention will further delay these proceedings, such delay is required by the Convention itself. Moreover, from the perspective of the efficient administration of justice, the delay that will occur is outweighed by the fact that were I to order service under Maryland Rule 2-121(c), I would be making a ruling which, if reversed on appeal, would be entirely disruptive of the litigation process.

As to the limitations issue raised by Deloitte & Touche, I continue to hold (or perhaps, more accurately, have reverted to) the tentative view I expressed at the outset of the hearing that the *Thistlethwaite* or *ElAmin* approach to interpreting 31 U.S.C. §3731 is correct. *See United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 6 F. Supp. 2d 263, 265 (S.D.N.Y. 1998); *United States ex rel. El Amin v. George Washington Univ.*, 26 F. Supp. 2d 162, 172-73 (D.D.C. 1998). I believe that courts have properly rejected the holding in *United States ex rel. Colunga v. Hercules, Inc.*, No. 89-CV-954, 1998 W.L. 310481 (D. Utah Mar. 6, 1998), because the approach taken by the *Colunga* court might, in a given case, undermine the public policy of encouraging prompt disclosure of fraud by relators to the government. *See United States ex rel. Downy v. Corning, Inc.*, 118 F. Supp. 2d 1160, 1170 (D.N.M. 2000). Likewise, I find the

approach taken in *United States ex rel. Hyatt v. Northrop Corp.*, 91 F. 3d 1211, 1214-18 (9th Cir. 1996), to be unacceptable because that approach requires that the phrase "official of the United States" be construed as including private citizens. To me, such a construction violates common sense.

The *Thistlethwaite/ElAmin* approach, on the other hand, is fully consistent with sound public policy and does little (if any) violence to the statutory language. I recognize that section 3731(b) begins with the words "[a] civil action," drawing no distinction between actions in which the government intervenes and those in which it does not. Thus, there can be no question that the primary limitations period established by section 3731(b)(1) applies to all actions, regardless of whether the government intervenes. However, in my view it is entirely reasonable to infer that the distinction is a necessary one in considering the extended limitations period provided by section 3731(b)(2) because the knowledge or imputed knowledge of an "official of the United States" is material only in actions in which the government chooses to intervene. Thus interpreted, the statute makes perfect sense, requiring false claims actions to be brought within six years, whether or not the government intervenes, but providing an extended period of up to ten years if an official of the United States learns of the alleged fraud for the first time more than three years after the fraud occurred.

In light of my rulings, the briefing schedule I set at the conclusion of the hearing is rescinded as moot, and the time is ripe to hold a scheduling conference. The conference will be held at 10:00 a.m. on January 20, 2006.

Please bring your calendar with you to the conference. If any of you would prefer to hold the conference by conference call, please call my chambers to make the necessary arrangements.

The conference will be held in my chambers located in Room 510 on the fifth floor of the Courthouse.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/


J. Frederick Motz
United States District Judge