UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

April 23, 2007

Memo To Counsel Re: U.S. ex rel. Thornton G. Sanders v. North American Bus
Industries, Inc.
Civil No. JFM-02-3084

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motion for summary judgment as to the remaining claim asserted in count IV that survived the ruling I made as to count IV in my memorandum opinion dated January 3, 2007. Defendants' motion will be granted.

I find unpersuasive the first argument made by defendants: that the remaining claim in count IV is barred by the statute of limitations. The Fourth Circuit has established a two-part test for determining whether under Fed. R. Civ. P. 15(c)(2) a new claim or defense relates back to the party's original complaint: (1) whether "a factual nexus" exists between the original pleading and the amendments; and (2) if such a factual nexus exists, whether defendant had notice of the amended claim and would not be prejudiced by its assertion. *See generally Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983). Here, there obviously is a factual nexus between the claim in question and other claims asserted in plaintiff's original and first amended complaint. Moreover, although plaintiff's original complaint did not contain allegations of Customs fraud in a separate count, it did aver that "by only declaring the Delivery Contract prices and not the E&T Contract payments to U.S. Customs when the bus shells were shipped into the United States, . . ., NABI USA underpaid Customs duties." This allegation put defendants on notice of the claim now being asserted. Defendants also have not shown any prejudice that would result from permitting assertion of the claim.[1]

I further find, however, that on the undisputed facts plaintiffs' claim fails as a matter of law. Essentially, what plaintiff asserts is that if NABI had declared the E&T payments in the

---

[1] Defendants' reliance upon *Cupertino v. Schneider*, 981 F.2d 1250, 1992 W.L. 36922 (4th Cir. 1992), is misplaced. *Cupertino* is unpublished, and defendants have not demonstrated circumstances that would entitle it to be given precedential value. Moreover, *Cupertino* is distinguishable from the instant case because in *Cupertino* the amended claim the court found to be time-barred (negligent entrustment) would have required substantial additional discovery beyond the discovery relating to the original claim (negligence/*respondeat superior*).

Customs declarations as to the buses imported before April 12, 1997 (as plaintiff alleges it should have done), the amount of Customs duties paid by NABI would have been higher. The flaw in this claim is that it is premised upon a hypothetical declaration that was never made and that would have been erroneous in light of the finding subsequently made by Customs that no Customs duties were due because the imported items were non-dutiable as unfinished buses. This flaw is of the most fundamental nature because one of the four required elements of a False Claims Act claim is that a defendant's statement or conduct caused the government to pay or forfeit money due. *See United States Ex. Rel Harrison v. Westinghouse Savannah River Co.*, 352 F.3d 908, 913 (4th Cir. 2003). Here, it cannot properly be claimed that the additional Customs duties being sought by plaintiff were "due" to the government in light of the ruling subsequently made by Customs that the items were non-dutiable.

      A separate order effecting the ruling made in this memorandum is being entered herewith.

      Very truly yours,


      /s/


      J. Frederick Motz
      United States District Judge