# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

June 25, 2007

Memo to Counsel Re: Sanders v. North American Bus Industries
Civil No. JFM-02-3084

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendant's motion for summary judgment as to count I. The motion is granted.

It is undisputed that plaintiffs' claim concerning the 121 buses that were sold to Miami Metro Dade, Maryland MTA, and WMATA arose more than six years before the filing of the complaint in this action. Therefore, the sole question presented by defendant's motion is whether the six-year limitations period established by 31 U.S.C. §3731(b)(1), or the ten-year limitations period established by 31 U.S.C. §3731(b)(2), applies in a case brought by a relator in which the Government decides not to intervene. As you know, by a letter ruling dated December 19, 2005 I held (in connection with a claim asserted by plaintiffs against Deloitte & Touche) that the six-year limitations period applies in such a case. However, since the time I rendered that decision, Judge Lamberth has held the ten-year limitations period applies in all False Claims Act cases, whether or not the Government has brought or chosen to intervene in the action. *United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 474 F. Supp. 2d 75 (D.D.C. 2007).

Although Judge Lamberth's opinion is well considered, I remain of the view I previously expressed. This view is in line with the greater weight of authority that follows the approach established by *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 6 F. Supp. 2d 263 (S.D.N.Y. 1998) and *United States ex rel. El Amin v. George Washington University*, 26 F. Supp 2d 162 (D.D.C. 1998). Judge Lamberth's opinion in *Pogue* resuscitates *United States ex rel. Colunga v. Hercules, Inc.*, 1998 U.S. Dist. LEXIS 21811, NO. 89-cv-954B (D. Utah Mar. 6, 1998, a decision that was buried by the Tenth Circuit in *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F. 3d 702 (10th Cir. 2006)). Furthermore, I find that the *Thistlethwaite/El Amin* approach is consistent both with the language of § 3731(b)(2) and, unlike the *Pogue/Colunga* approach, the section's legislative history.

As for the statutory language, it is true, as Judge Lamberth points out, that section 3731(b)(2) is not expressly limited to cases which are brought by the Government or in which the Government chooses to intervene. However, I continue to believe (as I stated in my December 19, 2005 letter ruling), that the reference in § 3731(b)(2) to the knowledge or imputed knowledge of an "official of the United States" is sufficient to demonstrate that when enacting

§3731(b)(2), Congress contemplated that the section applies only in such suits.  After all, it is only where the Government itself is actively pursuing the litigation that the knowledge or imputed knowledge of a Government official may fairly be said to be material to the issue of whether an extended limitations period should apply.  The Senate report on the 1986 False Claims Act amendment, which added §§(b)(2) to §3731, confirms that this is what Congress envisioned.  The report expressly stated that the purpose of the new section was to "permit the Government to bring an action within" the extended limitations period.  S.Rep No. 345, 99th Cong., 2d Asses., 15 (July 28, 2986), reprinted in 1986 U.S.C.C.A.N. 5266.

In *Pogue* Judge Lamberth observed that the *Thistlethwaite/El Amin* approach enables the Government to determine what limitations period applies by deciding whether or not to intervene in the relator's action.  474 F. Supp. 2d at 88.  Judge Lamberth went on to express a concern that this would be a "vexing scenario."  *Id*.  I do not share this concern.  The *Pogue*/*Colunga* approach would enable a relator to benefit from a ten-year limitations period if he or she decided not to advise the Government of a potential False Claims Act claim until seven years after it arises.  As a general proposition, a ten-year statute of limitations for private litigants is quite exceptional; the six-year limitations period set forth in §3731(b)(1) is much more in accordance with the norm of American jurisprudence.  With this premise in mind, it is reasonable, rather than "vexing," to construe section 3731(b)(2) as authorizing the Government to determine the applicable limitations period when deciding whether or not to intervene in a relator action.  After all, the Government is the victim of a False Claims Act violation.  Moreover, in its sovereign capacity, when making its intervention decision, the Government can appropriately determine whether the important policy interest in providing repose to a putative wrongdoer is outweighed by other factors, such as the flagrancy of the alleged misconduct or the amount of loss to the public fisc.

I am entering herewith a separate order granting defendant's motion for summary judgment as to count I.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,


/s/


J. Frederick Motz
United States District Judge